Defendant-appellant Jason Smith brings this appeal from a judgment of the Findlay Municipal Court denying his motion to suppress.
On May 7, 1998, a trooper for the Ohio State Patrol stopped Smith for a loud muffler. Smith was cited for operating a motor vehicle under the influence, driving under suspension, excessive noise, and no seatbelt. On September 1, 1998, a suppression hearing was held at which Smith claimed that the trooper lacked a reasonable, articulable suspicion for the stop. The trooper testified that when he passed Smith, he heard Smith's noisy muffler even though he was in his own car with the windows rolled up, the am/fm radio playing, and the police radio activated. Based on this, the officer determined that Smith's muffler was excessively loud. The trial court then denied the motion to suppress. On October 21, 1998, the State filed a nolle prosequi on the excessive noise charge due to evidentiary concerns. Smith then entered a plea of no contest on all remaining charges and was convicted of them.
Smith raises the following assignments of error.
 R.C. 4513.22 is unconstitutionally void for vagueness as applied to Smith as it fails to provide police with specific and articulable guidelines that would warrant an investigatory stop.
 R.C. 4513.22 is unconstitutionally void for vagueness as applied to Smith as it fails to inform a person of what is commanded or prohibited pertaining to mufflers.
 The trial court erred when it denied Smith's motion to suppress as the testimony given by the arresting officer did not equate reasonable articulable suspicion.
 The trial court erred when it found a good faith exception applied in this traffic stop.
 The trial court erred when it based its decision upon facts not at issue nor in evidence.
For the purposes of convenience and clarity, we will address the assignments of error out of order.
In the third assignment of error, Smith claims that the trial court should have dismissed the case because the trooper failed to state a reasonable and articulable suspicion for the stop. The trooper testified that he was traveling east in his car when he heard the car approaching from the west. The trooper stated that he had his windows closed, his communication radio on and his am/fm radio on, yet he still heard the vehicle coming. The noise coming from the automobile got louder as the vehicle got closer. Based on these circumstances, the officer testified that he believed the vehicle might have a defective muffler, in violation of R.C. 4519.22, and decided to stop Smith to investigate. A suspected defective muffler is reasonable suspicion for an investigatory stop. See State v.Melvan (1992), 80 Ohio App.3d 443, 609 N.E.2d 595; City ofBrecksville v. Linn (June 11, 1998), Cuyahoga App. No. 72808, unreported; State v. Scimemi (June 2, 1995), Clark App. No. 94-CA-58, unreported; State v. Turner (Feb. 6, 1992), Ashland App. No. CA-990, unreported; State v. Richmond (Sept. 14, 1990), Portage App. No. 90-P-2152, unreported; and State v.Doak (Feb. 25, 1988), Mahoning App. No. 87-CA-129, unreported. This testimony, if believed by the trial court, is sufficient to establish a reasonable and articulable suspicion for the stop. Therefore, the third assignment of error is overruled.
The fourth assignment of error claims that the trial court erred by finding a good faith exception to the stop. R.C.4513.22 states in pertinent part:
 Every motor vehicle and motorcycle with an internal combustion engine shall at all times be equipped with a muffler which is in good working order and in constant operation to prevent excessive or unusual noise * * *.
The statute does not prohibit the excessive noise, but rather prohibits driving a car with a defective muffler. The noise is not the offense, but is evidence that the offense may exist. Thus, the loud muffler gives the officer a reasonable and articulable suspicion for stopping the vehicle to determine if the muffler is in "good working order" as required by the statute.
Here, Smith claims that the stop should be suppressed because R.C. 4513.22 is void for vagueness about what is excessive noise.
 Suppression of evidence is a remedy fashioned by the judiciary to discourage misconduct by the police. A policeman is charged with the responsibility of investigating possible criminal behavior. If R.C. 4513.22 was on the books at the time of the stop in question, as it was, then the loud muffler presented a situation that the police officer should have investigated because it amounted to a possible violation of the traffic laws.
Richmond, supra. Additionally, a statute is not necessarily void for vagueness merely because it could have been more precisely worded. State v. Dorso (1983), 4 Ohio St.3d 60,446 N.E.2d 449. "Many statutes will have some inherent vagueness, for '[I]n most English words and phrases there lurk uncertainties.' " Robinson v. United States (1945),324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944. In this case, the officer stopped Smith because he believed Smith was violating a law. The law in question is currently in effect in Ohio. It is not so vague that a reasonable officer would believe it to be void on its face. Thus, the officer had a good faith basis for making the stop and the remedy of suppression should not apply. The fourth assignment of error is overruled.
In the fifth assignment of error, Smith claims the trial court relied upon evidence not presented to the trial court. Smith points to statements made by the trial court at the suppression hearing in support of this argument. However, the statements made by the trial court were not about this case. The trial court was merely distinguishing this case from another. The statements were concerning the facts in the second case, not Smith's. The record does not disclose that the trial court considered any improper evidence. Thus, the fifth assignment of error is overruled.
The first and second assignments of error question the constitutionality of R.C. 4513.22. We need not address these questions, however, because even if the statute is void for vagueness, the officer still had a reasonable, articulable suspicion for an investigatory stop and Smith was not tried for or convicted of its violation. Thus, the issue of the constitutionality is not presented.
The judgments of the Findlay Municipal Court are affirmed.
Judgments affirmed.
SHAW and WALTERS, JJ., concur.